UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

       Case No. 22-cr-20496
       Hon. Matthew F. Leitman

SHAWN HICKMAN,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION TO REDUCE SENTENCE (ECF No. 30)**

On July 19, 2023, Defendant Shawn Hickman pleaded guilty in this Court to felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). (*See* Rule 11 Plea Agreement, ECF No. 18.)  On January 29, 2024, Hickman was sentenced to a term of incarceration of 78 months. (*See* Judgment, ECF No. 29.)

Now before the Court is Hickman's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (*See* Mot., ECF No. 30.)  In the motion, Hickman argues that the Court should re-sentence him pursuant to Part A to Amendment 821 to the United States Sentencing Guidelines ("Amendment 821").  In Amendment 821, the United States Sentencing Commission "decrease[d] 'status points' by one point for defendants with seven or more criminal history points and eliminate[d] 'status

points' for defendants with six or fewer criminal history points."[1] *United States v. Giles*, No. 05-cr-233, 2024 WL 465932, at *1 (W.D. Mich. Jan. 8, 2024). The Sentencing Commission further declared that Amendment 821 applies retroactively. *See* U.S.S.G. § 1B1.10(e)(2). Hickman says he was on probation at the time he was charged, which "caused [his] sentencing guidelines to be increased." (Letter, ECF No. 31.) Thus, he argues, under Amendment 821, he should receive a "two-point reduction," thereby lowering his total sentence. (*See id.*)

In *Dillon v. United States*, 560 U.S. 817 (2010), the United States Supreme Court explained the two-step process a court must use when applying a retroactive guidelines amendment like Amendment 821. As the Supreme Court explained:

> At step one, [18 U.S.C.] § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1).

---

[1] "'Status points' are those points that were applied under then United States Sentencing Guideline (U.S.S.G.) § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status." *Giles*, 2024 WL 465932, at *1.

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term "comparably" below the amended range. § 1B1.10(b)(2)(B).
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.

*Dillon*, 560 U.S. at 827.

Applying that two-step inquiry here, the Court declines to impose the reduced sentence requested by Hickman and declines to reduce his sentence in any way. Hickman is not eligible for a reduced sentence based on Amendment 821. Hickman was sentenced after Amendment 821 took effect,[2] and therefore, he was sentenced under the new guidelines. He did not receive any additional status points because his criminal history score was six. (*See* Presentence Investigation Report, ECF No.

---

[2] Hickman was sentenced on January 29, 2024. (*See* Judgment, ECF No. 29.) Amendment 821 took effect on November 1, 2023.

3

20, PageID.108.)  In other words, Hickman received the benefit of Amendment 821 at the time of his sentencing, and thus, he is not eligible for a reduction in his sentence on that basis.

Because Hickman is not eligible for a reduced sentence based on Amendment 821, the Court need not conduct an analysis of the § 3553(a) factors. *See Dillon*, 560 U.S. at 827.

Accordingly, Hickman's Motion for a Reduced Sentence is **DENIED**.

**IT IS SO ORDERED**.

                                            s/Matthew F. Leitman
                                            MATTHEW F. LEITMAN
                                            UNITED STATES DISTRICT JUDGE

Dated:  June 23, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 23, 2025, by electronic means and/or ordinary mail.

                                            s/Holly A. Ryan
                                            Case Manager
                                            (313) 234-5126